**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONI PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:26-cv-01065-JAR |
| | ) | |
| JEFF HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUBSTITUTE AND DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

COMES NOW Defendant Jeff Hughes (Defendant), by and through his attorneys, and for his Memorandum of Law in Support of his Motion to Substitute and Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), states:

## I. INTRODUCTION

Plaintiff Toni Phillips (Plaintiff), *pro se*, brings this action seeking money damages from Defendant to remedy longstanding mail-delivery problems. Because the United States is the only proper defendant to this action, and because Plaintiff's claims are barred by sovereign immunity, this Court should (1) substitute the United States as the defendant and (2) dismiss this lawsuit for lack of subject matter jurisdiction. *See Larsen v. Frederiksen*, 277 F.3d 1040, 1041 (8th Cir. 2002) (affirming dismissal of complaint after government removed case, moved to substitute the United States, and moved to dismiss on sovereign immunity grounds).

## II. BACKGROUND

Plaintiff has had issues receiving her mail for several years. Doc. [4] at 2. Plaintiff receives notifications from the United States Postal Service (USPS) regarding upcoming deliveries, but she does not always receive what is expected. *See id.* at 2, 3. Plaintiff has complained numerous

times—including to supervisors who should "address it to their employees"—but the problems have worsened. *Id.* at 2. The USPS has "never sent," and Plaintiff has "never received," certain cards, letters, bills, and online orders despite notifications that they were forthcoming. *See id.* at 2, 6–9. Plaintiff brings this action against Defendant, USPS Acting Manager, Customer Service Operations, doc. 1 at 1, and seeks $5,000 in damages, doc. 4 at 1. She has not, however, presented her claims to the USPS for administrative adjudication. *See* Exhibit A ¶¶ 4–6 (affirming that no administrative claims have been filed by or on behalf of Plaintiff).

Plaintiff originally filed suit in the Circuit Court of St. Louis City, Cause No. 2622-SC00200. Doc. 4 at 1. Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2), doc. 1, and concurrently filed a Certification of the United States Attorney for the Eastern District of Missouri, stating that Defendant was acting within the scope of his employment during the times alleged in Plaintiff's Petition, doc. 1-1.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits two types of challenges: a facial attack and a factual attack. *See Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* A factual challenge, however, permits a court to "consider matters outside the pleadings." *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). It is plaintiff's burden to establish proper jurisdiction. *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc).

## IV. ARGUMENT

### A. This Court Should Substitute the United States as the Defendant to this Action.

The Federal Tort Claims Act (FTCA) "shall apply to tort claims arising out of activities of

the Postal Service." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409(c)). The FTCA, in turn, "provides the exclusive remedy for any injury 'arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Kearns v. United States*, 23 F.4th 807, 811 (8th Cir. 2022) (quoting 28 U.S.C. § 2679(b)). "In an FTCA suit, 'the United States shall be substituted as the party defendant upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Kearns*, 23 F.4th at 811 (quoting 28 U.S.C. § 2679(d)(1)). The scope-of-employment certification "is prima facie evidence that the employee's challenged conduct was within the scope of employ." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991).

Liberally construed, Plaintiff's Petition appears to allege Defendant's negligent failure to supervise USPS employees and adequately "address" Plaintiff's complaints about her mail. *See* Doc. 4 at 2; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (acknowledging that "pro se complaints are to be construed liberally").[1] Regarding the matters described in Plaintiff's Petition, Defendant's acts and omissions fell within the scope of his employment because they were "fairly and naturally incident to the [USPS]'s business and did not arise wholly from some external, independent or personal motive." *Doe v. United States*, 58 F.4th 955, 960 (8th Cir. 2023)

[1] Defendant does not understand Plaintiff to assert any other individual-capacity claim against him. She has not, for example, alleged a constitutional tort, much less one appropriate for an implied damages remedy. *Contra Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Further, even assuming Plaintiff's allegations established a constitutional violation that could support a *Bivens* action—they do not, *see Anjorin v. Crumpler*, 2020 WL 4722420, at *5 (E.D. Mich. Mar. 17, 2020) (declining to extend a *Bivens* remedy to persistent USPS mail-delivery problems)—Plaintiff's allegations do not sufficiently describe Defendant's individual wrongdoing, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). An official-capacity claim, moreover, would also require dismissal on sovereign-immunity grounds. *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993) (acknowledging that "a suit against a government employee in his official capacity is to be treated as a suit against the [governmental] entity" and "[s]overeign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress").

(analyzing the FTCA and applying Missouri law). The United States Attorney for the Eastern District of Missouri, therefore, certified that Defendant was acting within the applicable scope. Doc. 1-1.[2] Accordingly, this Court should substitute the United States as the party defendant to this action. *See* 28 U.S.C. § 2679(d)(1).

### B. The Court Should Dismiss this Action as Barred by Sovereign Immunity.

#### 1. Through the Postal Exception to the FTCA, Congress Expressly Declined to Waive Sovereign Immunity Over this Type of Action.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In other words, the United States enjoys "sovereign immunity absent a waiver." *Dolan*, 546 U.S. at 484. The FTCA supplies a waiver for "tort claims arising out of activities of the Postal Service," *id.*, but that waiver is limited "by a number of exceptions." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (citing 28 U.S.C. § 2680). The postal exception, for example, applies to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Through this provision, "Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. The exception applies even if the USPS's loss or miscarriage occurred intentionally rather than unintentionally. *See U.S. Postal Serv. v. Konan*, 607 U.S. 391, 399 (2026).

Plaintiff's alleged injuries fall within the postal exception. Plaintiff has not received certain postal matter on time, if at all. Doc. 4 at 2. She has, consequently, missed important letters, bill payments, and appointments, and she seeks $5,000 as a remedy. *Id.* at 1–2. But because Plaintiff's

[2] The Attorney General has delegated certification authority to "[t]he United States Attorney for the district where the civil action or proceeding is brought." 28 C.F.R. § 15.4(a).

alleged injuries arise out of the "loss, miscarriage, or negligent transmission" of her mail, *Dolan*, 546 U.S. at 485, they are matters for which "Congress intended to retain immunity," *see id.* at 489; *see also Najbar*, 649 F.3d at 872 (concluding that the postal exception applies to emotional-distress claims caused by the miscarriage of mail because such distress is "a consequence falling within the postal-matter exception"). This Court should therefore dismiss this action for lack of subject matter jurisdiction because sovereign immunity has not been waived. *See Najbar*, 649 F.3d at 873 (affirming dismissal).

**2. Sovereign Immunity Nevertheless Bars this Action Because Plaintiff Has Failed to Present Her Claim to the USPS as Required by the FTCA.**

When Congress chooses to waive sovereign immunity, it may "prescribe the terms and conditions on which the United States consents to be sued, and the manner in which the suit shall be conducted." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc). To that end, Congress has included a "framework for the administrative consideration and settlement of claims" within the FTCA. *Id.* "[A]n FTCA action shall not be instituted upon a claim against the United States unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." *Id.* (quoting 28 U.S.C. 2675(a)). Thus, Congress requires "complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* (quoting *McNeil v. United States,* 508 U.S. 106, 112 (1993)).

A claim has been sufficiently presented when, as relevant here, the claimant provides the applicable federal agency with an "executed Standard Form 95 or other written notification of an incident" that is "accompanied by a claim for money damages . . . alleged to have occurred by reason of the incident." *Id.* at 798 (quoting 28 C.F.R. § 14.2(a)). Without sufficient presentment, a claim "remains inchoate, unperfected, and not judicially actionable." *Id.* at 807.

Plaintiff has not presented her claims to the USPS. There is no record of her providing any

written claim at all, much less one that describes the facts of the instant lawsuit or the money damages that they allegedly caused. *See* Exhibit A ¶¶ 4–6. Plaintiff's claims thus fall outside the FTCA's limited waiver of sovereign immunity. *See Mader*, 654 F.3d at 808 (explaining that "conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver"). Dismissal without prejudice is therefore appropriate. *Id.* (affirming dismissal "for want of subject-matter jurisdiction").

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court substitute the United States as the party defendant and dismiss this matter for lack of subject matter jurisdiction because it is barred by sovereign immunity.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

By: /s/ *Dereck W. Basinger*
DERECK W. BASINGER, #76544 (MO)
Assistant United States Attorney
111 S. 10th St., Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2196 FAX
Email: dereck.basinger@usdoj.gov

*Attorneys for the United States of America, on behalf of Defendant Jeff Hughes*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of July, 2026, the foregoing has been electronically filed with the Clerk of the Court using the Court's CM/ECF electronic filing system and served via U.S. Mail, first class, postage prepaid, upon the following:

Toni Phillips
1219 South 10th Street
St. Louis, MO 63104

*Pro Se Plaintiff*

/s/ *Dereck W. Basinger*
DERECK W. BASINGER
Assistant United States Attorney