**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONI PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:26-cv-01065-JAR |
| vs. | ) | |
| | ) | |
| JEFF HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's amended complaint (Doc. No. 9) and motion for appointment of counsel (Doc. No. 8) filed on August 24, 2026. For the reasons set forth below, the Court will construe Plaintiff's amended complaint as a motion for leave to amend and deny it. Plaintiff's motion for appointment of counsel will also be denied.

## I. BACKGROUND

Plaintiff Toni Phillips ("Plaintiff") is a self-represented litigant who brings this civil action against Defendant, United States Postal Service ("USPS") Acting Manager, Customer Service Operations, Jeff Hughes ("Defendant"). Plaintiff is enrolled in the USPS's Informed Delivery service program, through which Plaintiff receives advance mail and package notifications. (Doc. No. 4 at 2). Despite these advance notifications, Plaintiff does not always receive what is expected. *Id*. at 2. Plaintiff has filed various grievances with USPS supervisors and claims the problems have since worsened. *Id*. In her petition, Plaintiff asserts that she failed to receive important correspondence, and as a result, has missed appointments and been unable to pay bills. *Id*. Plaintiff initially sought $5,000 in damages. *Id*. at 1.

Plaintiff filed this action in the Circuit Court of St. Louis City, Cause No. 2622-SC00200. *Id*. Defendant, by and through his attorneys, subsequently removed the action to this Court under

28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2). (Doc. No. 1 at 1-4). Defendant concurrently filed a certification from the United States Attorney for the Eastern District of Missouri stating that Defendant was acting within the scope of his employment with the USPS during the time period alleged in Plaintiff's suit. (Doc. No. 1-1).

On July 14, 2026, Defendant moved to dismiss the action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and asked the Court to substitute the United States as the proper defendant. (Doc. Nos. 6 & 7). Defendant argues that Congress expressly retained immunity for Plaintiff's alleged injuries through the postal exception to the Federal Tort Claims Act ("FTCA") and that, as a result, the Court should dismiss this action as barred by sovereign immunity. (Doc. No. 7 at 4-5). Defendant further argues that regardless of sovereign immunity, this action is barred because Plaintiff failed to exhaust administrative remedies as required by the FTCA. *Id.* at 5-6. It appears from the record that Plaintiff has not presented her claims to the USPS for administrative adjudication. (Doc. No. 7-1 at 2).

Plaintiff did not timely file a memorandum in opposition[1] but instead filed an amended complaint (Doc. No. 9) and a motion to appoint counsel (Doc. No. 8) on August 24, 2026. In her proposed amended complaint, Plaintiff alleges additional letters and packages not received, missed bills, and lost opportunities, despite notifying USPS of these issues. (Doc. No. 9 at 5). Plaintiff also alleges that her mail-delivery problems began "in 2021 or 2023." *Id.* After missing "two IRS checks," which were shown as delivered by the USPS's Informed Delivery notification system, Plaintiff alleges that she filed a "fraud packet" with the police and that a detective was assigned to her case. *Id.* Plaintiff does not provide evidence of this investigation. Plaintiff also alleges that

[1] *See* Local Rule 4.01(B) (requiring a party opposing a motion to timely file a memorandum within fourteen days after service).

these issues have caused her physical and mental distress in addition to inconvenience and discomfort when traveling to the USPS to attempt to resolve them. *Id.* at 6. Plaintiff now seeks $10,000 in damages. *Id.* at 4.

On September 8, 2026, Defendant filed a motion to strike Plaintiff's amended complaint. (Doc. Nos. 11 & 12). Defendant argues that Plaintiff's amended complaint violates Federal Rule of Civil Procedure 15(a) and that, as such, this Court should strike the amended pleading; Defendant further argues that, regardless, the amended complaint is futile for failure to establish a waiver of sovereign immunity. (Doc. No. 12 at 1, 3–4). On September 14, 2026, Plaintiff filed her response to Defendant's motion to strike. (Doc. No. 13). Plaintiff asserts that Defendant continues to hold her mail and that her amended complaint was timely filed. *Id.* at 2–3. In response to Defendant's assertion that she did not present her claim to USPS, Plaintiff alleges all forms were filed with "the postal police and . . . [its] website[.]" *Id.* at 3–4 (cleaned up). Plaintiff further alleges in her response that a letter was delivered "with some kind of toxic stuff on the mail" for which she had to call the police. *Id.* at 1. On September 24, 2026, Defendant filed his reply, maintaining that Plaintiff's amended complaint fails to demonstrate compliance with the requirements of Federal Rule of Civil Procedure 15(a) and does not address Defendant's futility argument. (Doc. No. 14).

On October 9, 2026, Plaintiff filed a motion for a hearing, requesting an opportunity to "tell [her] side [of the story.]"; Defendant responded, taking the position that the pending motions can be decided on the current record. (Doc. No. 15 at 2; Doc. No. 17 at 2). On October 20, 2026, Plaintiff filed a memorandum clarifying that she now seeks $10,000 in damages and noting that another IRS check had been "switched." (Doc. No. 16).

## II. DISCUSSION

### A. Plaintiff's Amended Complaint

Under Federal Rule of Civil Procedure 15, a party may amend a pleading once as of right within 21 days of service of the original pleading; or, if a responsive pleading is required, within 21 days of service of the responsive pleading, or within 21 days of being served with a motion under Rule 12(b), whichever is earlier. FED. R. CIV. P. 15(a)(1). If a party is not entitled to amend as a matter of course, a pleading may be amended with the written consent of the opposing party or with leave of court. FED. R. CIV. P. 15(a)(2). When a party amends a pleading without first seeking leave of court, the Court may strike the entire pleading. *Miller-Bey v. Williams*, No. 4:21-cv-272 MTS, 2021 WL 3286666, at *2 (E.D. Mo. Aug. 2, 2021). District courts, however, have discretion to allow a party to amend her complaint after the filing deadline. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014). Indeed, courts have construed filings as motions for leave to amend when they reflect an intent to seek leave. *See, e.g.*, *Thorton v. Phillips Cnty., Ark.*, 240 F.3d 728, 729 (8th Cir. 2001) (finding a pro se inmate's objections to a magistrate judge's report should have been construed as a motion for leave to amend); *Wooten v. Lewis*, No. 1:19-cv-46 CDP, 2020 WL 555181 (E.D. Mo. Feb. 4, 2020) (construing an amended petition as a motion for leave to amend the petitioner's original petition).

Here, Plaintiff filed her amended complaint (Doc. No. 9) forty-one days after the Defendant's 12(b)(1) motion, without the Defendant's consent or this Court's leave. Although the Plaintiff missed the filing deadline, her amended complaint reflects an intent to seek leave to amend. Therefore, the Court construes Plaintiff's amended complaint as a motion for leave to amend.

The Court should freely grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). The right to amend, however, is not absolute. *Thomson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). The Court will grant leave to amend "absent a good reason for the denial, such as . . . futility." *Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 88 (8th Cir. 1994). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion[.]" *Gleich v. Bi-State Dev. Agency*, No. 4:22-cv-00619-SRC, 2022 WL 15415876, at *2 (E.D. Mo. Oct. 27, 2022) (quoting *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). An amendment is futile, for instance, "if the proposed amended complaint does not establish a court's subject matter jurisdiction over the action." *Cody v. City of St. Louis*, 4:17-cv-2707 AGF, 2021 WL 5769336, at *1 (E.D. Mo. Dec. 6, 2021) (citing *Am. Ins. Co. v. St. Jude Med.*, Inc., 597 F. Supp. 2d 973, 979 (D. Minn. 2009) (citing Longie v. Spirit Lake Tribe, 400 F.3d 586, 588 n. 3 (8th Cir. 2005)). "It is settled law that district courts have the power to deny leave to amend if the proposed changes would not save the complaint." *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989); *see also White v. Verzola*, Civ. No. 20-00295, 2020 WL 4192748, at *8 (E.D. Mo. Jul. 21, 2020) (denying plaintiff leave to amend because the proposed amendments did not establish subject matter jurisdiction).

The Court concludes that leave to amend should be denied because the proposed amendment is futile. Specifically, nothing in the proposed amendment cures the subject matter jurisdiction defects raised by the Defendant's 12(b)(1) motion. Defendant's motion raises two arguments that would be proper grounds for dismissal. First, Defendant's counsel asserts that claims related to Defendant's acts and omissions fall within the scope of his employment with the USPS because they were "fairly and naturally incident to the [USPS]'s business and did not arise wholly from some external, independent or personal motive." (Doc. No. 7 at 3) (citing *Doe v.*

*United States*, 58 F.4th 955, 960 (8th Cir. 2023) (citation modified)). As such, Defendant argues that the United States, which enjoys "sovereign immunity absent a waiver," is the only proper defendant. (Doc. No. 7 at 3-4) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006)). Defendant asserts that "Congress intended to retain immunity" in cases such as this through the postal exception to the FTCA, which applies to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." (Doc. No. 7 at 4-5) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. at 485, 489; 28 U.S.C. § 2680(b)). Second, Defendant argues that even if sovereign immunity were waived, there is no evidence that Plaintiff presented her claims to the USPS as required. (Doc. 7 at 5-6) (citing *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011)).

Plaintiff does not address these arguments. Instead, Plaintiff's amended complaint describes specific items and pieces of correspondence that have either not arrived on time or gone missing, such as public utility bills, public housing notices, and checks from the IRS. *See* (Doc. No. 9 at 5–6). While the Court holds a pro se pleading to a less stringent standard than those drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's amended complaint does not cure the defects raised in Defendant's 12(b)(1) motion. Because the amended complaint cannot withstand a motion to dismiss, the Court will deny leave to amend on the basis of futility. *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 690 (8th Cir. 2025).

Nevertheless, because the Court is denying Plaintiff leave to amend and because Plaintiff has not responded directly to Defendant's motion to dismiss, out of consideration for a pro se plaintiff, the Court will grant Plaintiff fourteen days to directly respond to the issues raised in the motion to dismiss. *See Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other

documents filed by pro se litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding.").

**B. Plaintiff's Motion for Appointment of Counsel**

Plaintiff also moves for appointment of counsel. (Doc. No. 8 at 1). In our civil system, there is no right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). The Court may grant a motion for appointment of counsel in a civil case if the court is "convinced that an indigent Plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that Plaintiff as well as the court will benefit from the assistance of counsel." *Tyrey v. Rehab. Inst. of St. Louis*, No. 4:23-cv-00747 SEP, 2023 WL 5951856, at *1 (E.D. Mo. Sept. 13, 2023) (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)) (internal citations omitted).

In considering whether to grant a plaintiff's motion for appointment of counsel, the Court weighs several factors, including the "factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006). Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Here, based on case filings thus far, the self-represented Plaintiff has been able to investigate her claims. Plaintiff has also demonstrated up to this point that she can adequately present her claims to the Court, and neither the factual nor legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses. *Carpenter v. DeJoy*, No. 4:22-CV-00601-JAR, 2023 WL 484663, at *3 (E.D. Mo. July 28, 2023).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Leave to Amend (Doc. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Appointment of Counsel (Doc. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike the Amended Complaint (Doc. No. 11) will be **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Hearing (Doc. No. 15) will be **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff will be granted leave to respond to Defendant's Motion to Dismiss (Doc. No. 6) within fourteen (14) days of the date of this Order.

Dated this 6th day of November, 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE